**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MILTON BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-0874 (UNA) |
| | ) |
| TIMOTHY S. FISHER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis*.  The

Court will deny the application because Plaintiff has run afoul of the Prison Litigation Reform

Act's "three strikes" rule:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1149 (D.C. Cir. 2017)

("[A] dismissal of a prisoner's lawsuit for failure to state a claim, or as frivolous or malicious, is

commonly referred to as a strike.").  Plaintiff has accumulated far more than three strikes.  *Brown*

*v. Kiser*, No. 3:19-CV-282 (E.D. Va. May 10, 2019) (denying *in forma pauperis* application under

28 U.S.C. § 1915(g)), *appeal dismissed*, No. 19-6758 (4th Cir. July 19, 2019); *see Brown v.*

*Roberts*, No. 3:18-CV-387 (E.D. Va. Aug. 14, 2018) (dismissing complaint with prejudice as

frivolous and malicious); *Brown v. Scott*, No. 3:18-CV-385 (E.D. Va. July 31, 2018) (dismissing

1

complaint with prejudice as frivolous); *Brown v. Morgan*, No. 3:18-CV-386 (E.D. Va. June 13, 2018) (dismissing complaint with prejudice as frivolous and malicious); *Brown v. Fisher*, No. 3:18-CV-221 (E.D. Va. June 19, 2018) (dismissing complaint with prejudice as frivolous and malicious); *see also Brown v. Smith*, No. 3:18-CV-225 (E.D. Va. June 12, 2018) (noting that Plaintiff had filed nearly 30 civil actions in the Eastern District of Virginia "advanc[ing] demands for relief based on his status as a Moorish American").

Under these circumstances, Plaintiff may proceed *in forma pauperis* only if he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The Court "assess[es] the alleged danger at the time [Plaintiff] filed his complaint," *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 420 (D.C. Cir. 2009), and in so doing "construe[s] his complaint liberally and accept[s] its allegations as true," *id*. (citing *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006)). Plaintiff alleges no facts at all suggesting that he is in imminent danger of serious physical injury. Therefore, he fails to qualify for the "imminent danger" exception.

Accordingly, the Court DENIES Plaintiff's application to proceed *in forma pauperis* and DISMISSES the complaint and this civil action without prejudice.  If Plaintiff wishes to proceed with this action, he may file a motion to reopen the case and he must pay the filing fee in full.  An Order is issued separately.

DATE: April 15, 2020                           /s/
                                               AMY BERMAN JACKSON
                                               United States District Judge